# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RIGOBERTO ANTILLON-CASTILLO, ) ) ) Movant, ) ) v. ) ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) | Civ. Case No. 05-0795-CV-W-NKL<br>Crim. Case No. 01-0120-CR-W-NKL |

**ORDER**

Pending before the Court is Rigoberto Antillon-Castillo's ("Antillon-Castillo") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. # 1]. For the reasons set forth below, the Court denies Antillon-Castillo's Motion.

**I.      Background**

In November 2001, Antillon-Castillo pleaded guilty to conspiring to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

On May 23, 2002, the Court conducted a sentencing hearing. The Court adopted a sentencing enhancement based on Antillon-Castillo's role as a leader of the offense. Under the Court's calculation, Antillon-Castillo had a Total Offense Level of 40 and a Criminal History Category of II. Under the federal sentencing guidelines, the range of possible punishment was 324 to 405 months of imprisonment. The Court sentenced Antillon-Castillo to 324 months' imprisonment and a five-year term of supervised release.

1

Antillon-Castillo appealed his sentence to the Eighth Circuit Court of Appeals. In his appeal, Antillon-Castillo argued that there were insufficient facts to support the leadership sentencing enhancement because he was merely a middleman in the conspiracy. The Eighth Circuit rejected Antillon-Castillo's argument and affirmed the Court's sentence. *See United States v. Antillon-Castillo*, 319 F.3d 1058, 1060 (8th Cir. 2003). The Eighth Circuit's decision was issued on February 24, 2003. Antillon-Castillo did not pursue his appeal any further.

## II. Evidentiary Hearing

On a motion to vacate, a movant is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief. *Payne v. United States*, 78 F.3d 343 (8th Cir. 1996) (citations omitted). However, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face. *Id*. Moreover, a district court need not hold an evidentiary hearing in a section 2255 case when the files and records conclusively show that the movant is not entitled to relief. *See Bradshaw v. United States*, 153 F.3d 704 (8th Cir. 1998). After reviewing the records and files, the Court concludes that all of Antillon-Castillo's claims can be fully and fairly evaluated on the existing record and no evidentiary hearing is necessary.

## III. Discussion

Antillon-Castillo filed his pending Motion on August 14, 2005. In his Motion, he asserts four grounds for relief, which allege (1) that the Court violated *Blakely v.*

2

*Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), when it enhanced his sentence based on facts not found by a jury and not admitted by Antillon-Castillo; (2) that the Government breached the Plea Agreement reached with Antillon-Castillo and Antillon-Castillo's rights under Fed. R. Crim. P. 11 were violated when he was not allowed to withdraw his guilty plea; (3) the Government engaged in prosecutorial misconduct; and (4) the Court violated his rights under *Blakely*, *Booker*, and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

### A. Antillon-Castillo's First and Fourth Grounds for Relief

Antillon-Castillo's conviction was final before the Supreme Court issued its holdings in *Blakely* and *Booker*. Antillon-Castillo's sentence became final in March 2003 at the conclusion of his appeal, but *Blakely* was not decided until June 2004 and *Booker* was not decided until January 2005. Thus, those cases provide relief only if they apply retroactively to Antillon-Castillo's sentence. In *Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005), and *Ferrara v. United States*, 142 Fed. Appx. 960, No. 05-1002, 2005 WL 2207006 (8th Cir. 2005), the Eighth Circuit concluded that neither case applies retroactively to cases pending on collateral review. Thus, neither *Blakely* nor *Booker* provide any relief for Antillon-Castillo.

To the extent that Antillon-Castillo claims his sentence violates *Apprendi*, his claim is without merit. In *Apprendi*, the Court held that, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt."

3

*Apprendi*, 530 U.S. at 490 (emphasis added). Thus, under the Court's holding in *Apprendi*, facts supporting a sentencing enhancement need to be submitted to a jury only if the enhanced sentence exceeds the maximum sentence found in the applicable federal statutes. Antillon-Castillo pleaded guilty to violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), which set forth a statutory maximum of life imprisonment. Antillon-Castillo was sentenced to 324 months' imprisonment, which is short of the statutory maximum available for his offenses. Therefore, *Apprendi* does not apply to his sentence and his claim must be denied.

Because *Blakely*, *Booker*, and *Apprendi* provide no relief to Antillon-Castillo, his first and fourth claims are denied.

### B. Antillon-Castillo's Second and Third Grounds for Relief

Antillon-Castillo did not raise his second and third grounds for relief in his direct appeal. In his 2255 Motion, Antillon-Castillo concedes the grounds were not presented to the Eighth Circuit for consideration and a review of that court's opinion makes no mention of either ground. *See* Motion [Doc. # 1] at pp. 7-8; *Antillon-Castillo*, 319 F.3d 1058.

A movant cannot raise unappealed issues for the first time in a 2255 proceeding without establishing either (1) cause for the procedural default and actual prejudice resulting from the error, or (2) that a fundamental miscarriage of justice will occur if the court does not consider the unappealed issues. *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997); *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995).

4

Antillon-Castillo does not submit cause for his failure to raise his second and third grounds for relief in his direct appeal. In his Reply, he asserts that the tardiness of his pending Motion should be excused because he was placed in segregated incarceration on December 17, 2002, but that basis for cause is inapplicable to his direct appeal because his appeal was submitted to the Eighth Circuit on December 13, 2002, and decided in February 2003. *See* Reply [Doc. # 12] at p. 4; *Antillon-Castillo*, 319 F.3d 1058 (date of submission). Thus, during the prosecution of his appeal before the Eighth Circuit and prior to its submission before that court, Antillon-Castillo was available to help with his case and he has submitted no other basis for excusing his failure to raise his second and third grounds for relief in his direct appeal. Moreover, even if Antillon-Castillo had alleged cause, he does not allege actual prejudice that resulted from his failure to raise these issues in his direct appeal.

Antillon-Castillo also cannot demonstrate that a "fundamental miscarriage of justice" will occur if this Court does not consider his unappealed grounds for relief. This exception is available only to a movant who demonstrates "that a constitutional violation has probably resulted in the conviction of one who is actually innocent." *McCall*, 114 F.3d at 757 (citing *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995)). This prong of *McCall* is inapplicable to Antillon-Castillo because he admitted that he was guilty of the underlying criminal activity. Thus, there is no indication that the error alleged in Antillon-Castillo's pending Motion culminated in the conviction of "one who is actually innocent" and the Court's denial of Antillon-Castillo's Motion will not cause a

5

miscarriage of justice.

Accordingly, the Court finds that Antillon-Castillo's second and third grounds for relief are procedurally barred because he did not raise the presented issues in a direct appeal.

**IV.     Conclusion**

Accordingly, it is hereby

(1)     ORDERED that Antillon-Castillo's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. # 1] is DENIED, and

(2)     ORDERED that the Government's Motion to Dismiss [Doc. # 5] is DENIED as moot.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

DATED:  March 23, 2006
Kansas City, Missouri